SOUTHERN ANTHRACITE COAL MINING COMPANY *v*. RICE.

Opinion delivered November 27, 1922.

1. MASTER AND SERVANT—VIOLATION OF STATUTE—DEFENSES.—Under Crawford & Moses' Dig., §§ 7145-6, contributory negligence and assumed risk are not available as defenses in a case of injury to a miner from failure to furnish props as required by § 7271, *Id.*

2. MASTER AND SERVANT—DUTY OF MINE-OWNER TO FURNISH PROPS.—Under Crawford & Moses' Dig., § 7271, the duty to furnish props to prevent cave-ins in mines and to deliver them where the cars for hauling out coal are delivered when requested by a workman, is imposed upon the mine owner, agent or operator, and it is immaterial at what particular place the request for props is made, if made to one whose duty it is to furnish them.

3. MASTER AND SERVANT—QUESTION FOR JURY.—Where the testimony was in conflict as to whether deceased, a miner, made a demand for props as required by the statute, the question was properly submitted to the jury.

4. TRIAL—ARGUMENT OF ATTORNEY—PREJUDICE.—A remark of plaintiff's attorney, in argument to the jury, that "it was the duty of the pit boss to have done everything in his power to make that room safe," was not prejudicial where the court excluded the remark.

5. TRIAL—ARGUMENT OF ATTORNEY—PREJUDICE.—A remark to the jury by plaintiff's attorney in argument: "If they (the jury) give her a small verdict, there will be an appeal in this case.

The attorneys take an advantage of everything, and they have a right to do so, and they mean to and will attempt it by every power, and you won't save a case in the Supreme Court by your decision, no matter what amount you give in this case," was not prejudicial error; it not amounting to a request or suggestion for an unreasonable verdict, and there being no claim that the verdict was excessive.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Hays, Ward & Hays,* for appellant.

The duty of making his working place safe devolves upon the miner. He is the sole judge of its safety. 101 Ark. 205. Rice made no direct demand for props. Several of the miners were discussing the need for props, and Rice is alleged only to have said that if he did not receive props he was coming out at noon. This statement was not made to Baker, nor in his immediate presence, and he testified that no demand was made of him by Rice for props. The contributory negligence in the manner in which Rice ordered the props should have been left to the jury. 116 Ark. 461.

*E. G. Mitchell* and *Patterson & Ragon,* for appellee.

Sec. 7271, C. & M. Digest, requires the operator to furnish props when so requested and sec. 7145 provides that an employee killed or injured as a result of a violation of any statute enacted for the safety of employees, cannot be held to have been guilty of contributory negligence. Sec. 7146 holds that the servant did not assume the risk when the master was negligent. The same contentions were made in the case at 131 Ark. 562, and that case is controlling here.

HUMPHREYS, J. This suit of appellee against appellant for damages growing out of the death of her husband while working in appellant's coal mine was predicated on sec. 7271 of Crawford & Moses' Digest, which is as follows:

"The owner, agent or operator of any mine shall keep a sufficient amount of timber, when required, to be used as props, so that the workmen can, at all times,

be able to properly secure the said working place from caving in, and it shall be the duty of the owner, agent, or operator to send down all such props when required, and deliver said props to the place where cars are delivered." It was alleged that Martin Rice, the husband of appellee, was a coal miner in the employ of appellant in a room of the seventh west entry Mine No. 2, in Pope County; that, while engaged in mining coal in said room, a part of the roof fell upon and fatally injured him, on account of appellant's failure to furnish props to secure his working place, after proper demand had been made for same.

An answer was filed by appellee denying the material allegations in the complaint, and interposing the further defenses of contributory negligence and assumed risk on the part of said employee, in the following words: "By way of affirmative defense, the defendant states that the deceased was guilty of negligence, and that such negligence was the proximate cause of his injury and death, and also that said deceased, knowing of the condition of the place in which he was engaged at work, thereby assumed the risk incident to working in such place."

A demurrer was filed to the pleas of contributory negligence and assumed risk, which was sustained by the court, over the objection and exception of appellant.

The cause was submitted to the jury upon the pleadings, testimony of the witnesses, and instructions of the court, which resulted in a judgment and verdict in favor of appellee, from which is this appeal. Appellant's first insistence for reversal is, that the court erred in sustaining the demurrer to the pleas of contributory negligence and assumption of the risk. The suit was based upon an alleged violation of the statute by failing to furnish props, passed for the protection of miners. In suits against corporations upon statutes enacted for the safety of their employees, the defense of contributory negligence and assumed risks is not available. Secs. 7145 and

7146, Crawford & Moses' Digest; *Western Coal & Mining Co. v. Watts,* 131 Ark. 562.

Appellant's next insistence for reversal is that the court erred in refusing to give its requested instruction No. 2, which, among other things, instructed that it was not only necessary for Martin Rice to request props from the person whose duty it was made to furnish props, but also to request them at the place where it was the custom in said mine to make such request. The instruction was erroneous in that it placed the burden upon the miner to order the props at some particular place. The statute is mandatory in imposing the duty upon the mine owner, agent, or operator to send down props, when requested, and to deliver them where the cars for hauling out coal are delivered. It is immaterial at what particular place the request for props should be made, if made to one whose duty it was to bring or send them. The testimony was in conflict as to whether Martin Rice made a demand for the props from Charles Baker, the driver of the coal cars, whose duty it was to bring props, when requested to do so by the miners. The court correctly submitted the question to the jury as to whether Martin Rice made a demand upon Baker for the props, which presented the only issue in the case. The court properly refused the requested instruction because it embraced an issue not involved in the case.

Appellant's next insistence for reversal is that the court permitted one of appellant's attorneys, in the course of his argument, to say to the jury: "It was the duty of the pit boss to have done everything in his power to make that room safe." The record does not support appellant in this insistence. While this remark was made by the attorney, it was excluded from the jury by the court, so could not have prejudiced them.

Appellant's last insistence for reversal is that the court permitted one of appellee's attorneys to say to the jury: "If they give her a small verdict, there will be an appeal in this case. The attorneys take an advantage

of everything, and they have a right to do it, and they
mean to and will attempt it by every power, and you
won't save a case in the Supreme Court by your decision,
no matter what amount you give in this case." While it
was improper to comment upon whether appellant would
take an appeal, we are unable to see how any prejudice
could have resulted to appellant on account of the re-
mark. The remark was not, in any sense, a request or
suggestion for an unreasonable verdict. It is not claimed
that the verdict was excessive. This court, in dealing
with a similar remark, in the case of *Vaughan* v. *State,*
58 Ark. 353, said: "The remarks of the prosecuting at-
torney, while improper and unwarranted, were not preju-
dicial, as we take it, since  *  *  *  *  the latter part,
as to the right of appeal, must have been already known
to every intelligent juror. The right of appeal, as a part
of the procedure under our judicial system, is a matter
of common knowledge."

No prejudicial error appearing, the judgment is
affirmed.